**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT SPURLOCK,

        Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,

        Agency.

DOCKET NUMBER
CH-0752-13-0272-C-1

DATE: May 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Robert Spurlock, Freeburg, Illinois, pro se.

Kevin K. Spradling, Esquire, and Loren H. Duffy, Esquire, Scott Air Force
    Base, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement and found the agency in compliance with the Board's order to cancel the appellant's indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2       The appellant filed a Board appeal challenging his indefinite suspension. *Spurlock v. Department of the Air Force*, MSPB Docket No. CH-0752-13-0272-1, Initial Appeal File (IAF), Tab 1.  The administrative judge affirmed the indefinite suspension, but the Board reversed the initial decision, ordering the agency to cancel the action.  *See Spurlock v. Department of the Air Force*, MSPB Docket No. CH-0752-13-0272-I-2, Final Order (May 1, 2015).

¶3       In July 2015, the appellant filed a petition for enforcement.  *Spurlock v. Department of the Air Force*, MSPB Docket No. CH-0752-13-0272-C-1, Compliance File (CF), Tab 1.  After the parties submitted argument and evidence, the administrative judge issued a compliance initial decision, finding the agency in compliance.  CF, Tab 13, Compliance Initial Decision (CID) at 1.  The appellant has filed a petition for review.  Compliance Petition for Review (CPFR) File, Tab 1.  The agency has filed a response.  CPFR File, Tab 4.

¶4       When the Board reverses a personnel action, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *Vaughan v. Department of*

*Agriculture*, [116 M.S.P.R. 319](), ¶ 5 (2011). The agency bears the burden to prove compliance with the Board's order. Id. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. Id. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. Id.

¶5      Below, the agency provided a significant amount of evidence to prove that it had complied with the Board's order to cancel the indefinite suspension. That evidence included, inter alia, detailed documentation of its back pay calculations. CF, Tab 3 at 10, Tab 9 at 6-15. Citing this and other evidence, the administrative judge concluded that the agency had met its burden of proving that it provided the appropriate amount of back pay and took all other necessary steps to cancel the appellant's indefinite suspension. CID at 2-5.

¶6      On review, the appellant has simply alleged that he is "supremely confident that [the] back pay provided is not accurate." CPFR File, Tab 1 at 4. However, this nonspecific and conclusory assertion, without any supportive evidence or explanation, is insufficient to rebut the agency's evidence of compliance and provides no basis for disturbing the compliance initial decision. *See Vaughan*, [116 M.S.P.R. 319](), ¶ 5.

¶7      Aside from his nonspecific assertion that the back pay he received was inaccurate, the appellant presented argument and evidence that he was medically incapacitated from October 27-December 20, 2015. CPFR File, Tab 1 at 4-14. Because of that, the appellant requested "an extension to the Show Cause response" until January 15, 2016. *Id.* at 4. However, the appellant responded to the administrative judge's final deadline before the start of his alleged medical incapacitation and without any indication that he needed additional time to respond further. *Compare* CF, Tab 11 at 5-6 (setting a deadline of October 27, 2015, for the appellant to show why his petition should not be dismissed), *with* CF, Tab 12 (appellant's response, dated October 21, 2015).

Therefore, it appears that the appellant's alleged medical incapacitation had no impact on the proceedings below. In addition, the appellant had until January 21, 2016, to file his petition for review. CID at 7. Accordingly, even if the appellant was medically incapacitated, as he alleges, we discern no basis for delaying the proceedings or providing any other relief. The timing of the medical incapacitation almost entirely falls between the close of record below and the date of the administrative judge's decision. *Compare* CPFR File, Tab 1 at 14 (evidence of medical incapacitation from October 27-December 20, 2015), with CF, Tab 11 (administrative judge's order, setting a final deadline of October 27, 2015, for the appellant to respond during the proceedings below), and CID at 1 (administrative judge's compliance initial decision, dated December 17, 2015). Thus, we affirm the compliance initial decision denying the appellant's petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE

Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.



FOR THE BOARD:                _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.